KAREN P. HEWITT
United States Attorney
DAVID M. McNEES
Special Assistant U.S. Attorney
California State Bar No. 216612
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5979
E-mail: david.mcnees@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cv0836-IEG(CAB) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| v. | ) | MOTION FOR JUDGMENT BY DEFAULT |
| | ) | AS TO THE INTEREST OF |
| | ) | ANTHONY BENDER AND |
| $15,405.00 IN U.S. CURRENCY, | ) | ALL POTENTIAL CLAIMANTS |
| | ) | |
| Defendant. | ) | DATE: September 22, 2008 |
| | ) | TIME: 3:30 p.m. |
| _____ | ) | CTRM: 1 |

I

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

    A.    <u>Introduction</u>

        This matter comes before the Court on Plaintiff's motion for default judgment. The verified complaint commencing this action against the Defendant was filed May 8, 2008, alleging forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) (forfeiture of proceeds of narcotics). The complaint was verified by Task Force Officer James Doherty. The present motion for default judgment seeks the forfeiture of the interest of Anthony Bender and all potential claimants.

    B.    <u>Statement of the Case</u>

        1.    On May 8, 2008, a Complaint for Forfeiture was filed in the above action in the United States District Court for the Southern District of California against the above defendant.

**EXHIBIT 1**

On May 29, 2008, the defendant was seized and arrested by a duly authorized United States Marshal, who thereafter took possession and custody of the defendant, pursuant to the Court's Order appointing the United States Marshal as custodian, dated May 12, 2008.

2.    On June 4, 11, and 18, 2008, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, notice was published in the San Diego Commerce newspaper.

3.    On May 12, 2008, a Notice of Complaint and a copy of the Complaint for Forfeiture were sent by certified mail as follows:

| Name and address | Article No. | Result |
|---|---|---|
| Anthony Bender<br>1344 Diamond Lane<br>El Cajon, CA 92021-3261 | 7004 2510 0003 3014 8459 | Signed for as received<br>on 5/12/08. |

From the time of said notice, no claim or answer has been filed regarding the above-named defendant.

4.    On August 18, 2008, a Declaration of and Request for Clerk's Entry of Default was filed in this case. A Clerk's Entry of Default was issued on August 19, 2008, and a copy is hereby attached as Exhibit 2.

C.    Statement of Facts

In October 2007, Drug Enforcement Agents and Sheriff's South East Narcotics Team requested a court-ordered wiretap for authorization to intercept communications from multiple cellular phones. The order was signed by a San Diego Superior Court Judge. The request was part of an April 2007 investigation into the Ontiveros Methamphetamine Trafficking Organization ("OMTO"), a distribution group based in San Diego. During the course of the investigation, the following leadership cell was identified: Rafael Lopez-Ontiveros ("Rafa") head of the OMTO; Guillermo Ontiveros ("Guillermo"), a minor, facilitator and mid-level courier for the OMTO; Hector Hugo Bernabe-Romero ("Porky") facilitator and mid-level courier for the OMTO; and Ezequiel Rueda-Magana ("Huicho") courier for the OMTO.

During this investigation, Anthony Bender was identified as a methamphetamine dealer obtaining methamphetamine for sale from the OMTO. From early October through early

December, Bender had contact with OMTO 54 times.  Twenty-eight ounces of methamphetamine were ordered by Bender during this time.  Agents through investigation learned that Bender resided at 1344 Diamond Lane, El Cajon, CA.  On two occasions after intercepting Bender ordering methamphetamine, agents observed the deliveries to his residence.

Agents also acquired information from a reliable source that Bender sells methamphetamine from his workshop located at 1344 Diamond Lane.  The source stated that Bender runs his operation out of his wood shop.  The source also heard Bender discussing keeping drug proceeds in the wood shop.

On December 13, 2007, a search warrant was served at 1342 and 1344 Diamond Lane. Numerous bindles and baggies of narcotics were found during the search.  Agents also located a number of firearms in the residence.  Bender had approximately $600 in his pocket at time of arrest, and he stated a portion of that was drug proceeds.  Bender then went on to mention over $14,000 located in a desk in his workshop.  Bender stated this money was not narcotic-related, but was an inheritance from his father.  Bender was unable to tell agents when his father had died, or when he received the money.

After being read his Miranda rights, Bender agreed to speak with agents.  Bender stated he has purchased one and two ounce quantities for $600 per ounce three to four times a week for the past couple months.  Bender also stated that he had a couple other sources of supply.

D.    Deadlines for Filing a Claim and Answer

This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.  Pursuant to Rule G(5), a verified claim must be filed with the Clerk of the United States District Court, Southern District of California, with a copy to the Government attorney, within thirty-five (35) days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time as the court may allow.  An answer must be filed and served within twenty (20) days thereafter, pursuant to Title 18, United States Code, Section 983(a)(4)(B).

Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property;

1   (C) be signed by the claimant under penalty of perjury; and (D) be served on the government

2   attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

3        The plaintiff served notice of forfeiture on all known potential claimants on . From the

4   time of said notice, no claim or answer has been filed by any potential claimants regarding the

5   above-named defendant. (See Declaration of David M. McNees, attached hereto as Exhibit 3.)

6        E.   The Government Establishes Its Case by a Preponderance
             of the Evidence
7

8        Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil

9   forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c)

10  states in pertinent part:

11        In a suit or action brought under any civil forfeiture statute for the civil forfeiture
          of any property -
12
          (1)   the burden of proof is on the Government to establish, by a preponderance
13        of the evidence, that the property is subject to forfeiture;

14        (2)   the Government may use evidence gathered after the filing of the complaint
          for forfeiture to establish, by a preponderance of the evidence, that the property is
15        subject to forfeiture; and

16        (3)   if the Government's theory of forfeiture is that the property was used to
          commit or facilitate the commission of a criminal offense, or was involved in the
17        commission of a criminal offense, the Government shall establish that there was a
          substantial connection between the property and the offense.
18

19        The Government's evidence is undisputed by any claimant. Thus, the Government has

20  shown by a preponderance of the evidence that the defendant was property involved in a

21  transaction or attempted transaction, or was property traceable to property involved in violation

22  of Chapter 13, Title 21, United States Code, pursuant to Title 21, United States Code, Section

23  881(a)(6).

24        Pursuant to the allegations in the verified complaint that the defendant property constitutes

25  money or other things of value furnished in exchange for a controlled substance, the Government

26  has both proven its case by a preponderance of the evidence and established the requisite nexus

27  between the defendant and the offense.

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

II

CONCLUSION

For the foregoing reasons, it is requested that the interest of Anthony Bender and any other potential claimants be ordered condemned and forfeited to the United States according to the request herein.

DATED:  August 22, 2008

KAREN P. HEWITT
United States Attorney

s/David M. McNees

DAVID M. McNEES
Special Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
E-mail: david.mcnees@usdoj.gov